Case 2:17-cr-00012-SMJ    ECF No. 95    filed 06/22/20    PageID.536    Page 1 of 6

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 22, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:17-cr-00012-SMJ |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
| LEE WILLIAM FRECH, | |
| Defendant. | |

Before the Court, without oral argument, is *pro se* Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 89.[1] Defendant seeks immediate release from custody owing to the risks posed by the spread of Coronavirus Disease 2019 (COVID-19). Having reviewed the motion and the record in this matter, the Court is fully informed. Because Defendant has not established the risks posed by COVID-19 are any greater to him than to any other inmate, the Court cannot find extraordinary and compelling circumstances justify early release, and the motion is denied.

//

---

[1] Defendant also renewed his motion for Court-appointed counsel to represent him in seeking compassionate release. ECF No. 92. The Court earlier denied the same request, finding Defendant had satisfactorily presented his request for early release, and thus appointment of counsel was inappropriate. ECF No. 90 at 1–2 (citing *United States v. Townsend*, 98 F.3d 510, 512–13 (9th Cir. 1996)). Since that time, the Court finds nothing material to the issue of appointing counsel has changed, and thus Defendant's renewed motion, ECF No. 92, is denied.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

## BACKGROUND

Defendant was sentenced to a term of fifty-nine months imprisonment after he pled guilty to possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and possession with intent to distribute 100 grams or more of heroin. ECF No. 84 at 1–2. Defendant is scheduled to be released in October 2020, after which he will commence a term of five years' supervised release. *Id.* at 3; ECF No. 89 at 4. Defendant seeks immediate release from custody given the risk of transmission of COVID-19, his rehabilitation while incarcerated, and his aspirations upon release. *See* ECF No. 89. The Government opposes early release. ECF No. 94.

## LEGAL STANDARD

The Court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . . ."). The statutory mechanism by which Defendant seeks early release, 18 U.S.C. § 3582(c), permits a sentence reduction if the Court finds "extraordinary and compelling reasons warrant" such relief. *Id.* § 3582(c)(1)(A)(i). That provision is only available "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

## DISCUSSION

**A.    Defendant has satisfied the exhaustion requirement**

Having reviewed the materials Defendant submitted with his motion for early release, the Court concludes he has satisfied the requirement of administrative exhaustion set out in 18 U.S.C. § 3582(c)(1)(A)(i). *See* ECF No. 92 at 2. Specifically, it appears Defendant sought relief from the warden of his facility on May 6, 2020, and the Bureau of Prisons has not sought a reduction in Defendant's sentence on his behalf since that time. *Id.* The Government agrees Defendant has satisfied the administrative exhaustion requirement, and further represents it contacted the Bureau of Prisons, which confirmed Defendant sought early release on May 6, 2020 and that the Bureau of Prisons has not responded to that request. ECF No. 94 at 3. As such, the Court is satisfied Defendant has met the administrative exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

**B.    Defendant has not demonstrated early release is appropriate**

Turning to the merits of Defendant's request, the Court finds he has failed to establish "extraordinary and compelling reasons" warranting early release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). As an initial matter, there is division among the district courts concerning the standard applicable to motions for compassionate release. *See*

*United States v. Mondaca*, No. 89-CR-0655 DMS, 2020 WL 1029024, at *2–3 (S.D. Cal. Mar. 3, 2020). Prior to substantial amendments to § 3582(c) in the First Step Act of 2018, only the Bureau of Prisons was permitted to bring a motion for compassionate release on an inmate's behalf. *See id.* Under that earlier regime, the U.S. Sentencing Commission identified three circumstances in which compassionate release was justified, none of which are relevant here, yet also recognized early release may be appropriate for "an extraordinary and compelling reason other than, or in combination with" the enumerated reasons. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). Crucially, however, justifications under that final catchall category were limited to those considered sufficiently extraordinary "by the Director of the Bureau of Prisons," and the guideline has not been amended since passage of the First Step Act of 2018. *Id.* § 1B1.13 cmt. n.1(D).

It is therefore unclear whether the district court is constrained to granting compassionate release only where the Bureau of Prisons has identified a reason as sufficiently extraordinary and compelling, or whether the district courts are now entitled to make that determination independently. *Compare United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019) (collecting cases) ("[T]he most natural reading of the amended § 3582(c) . . . is that the district court assumes the same discretion as the B[ureau of Prisons] Director when it considers a compassionate release motion properly before it.") *with United States v. Lynn*, No.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 4

CR 89-0072-WS, 2019 WL 3805349, at *3 (S.D. Ala. Aug. 13, 2019) (holding only Bureau of Prisons permitted to identify extraordinary and compelling reason).

Ultimately, the Court finds it unnecessary to reach this issue, because regardless of whether the Court can grant relief by itself determining what constitutes an extraordinary and compelling reason for early release, Defendant has not met that threshold.

The Court recognizes the risk COVID-19 poses to those in the nation's prisons and jails. But Defendant has failed to show that those risks are particularly grave in his case to justify waiving the remaining term of Defendant's sentence. The Centers for Disease Control and Prevention has identified those over age sixty-five and those with serious underlying medical conditions as the groups at elevated risk from COVID-19. Ctrs. for Disease Control and Prevention, *People Who Are At Higher Risk for Severe Illness* (last updated June 16, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

Defendant is approximately forty-five years old, and thus well outside the age-based category of those at heightened risk. *See* ECF No. 71 at 3. During the presentence investigation, Defendant reported he was in good health, with no major medical conditions. *Id.* at 31. Defendant asserts he is "vulnerable" to the virus but seems to attribute that vulnerability to the conditions of the facility in which he is

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 5

incarcerated, rather than any characteristic which elevates his personal risk of transmission or complication from the virus. ECF No. 89 at 5. Thus, while the Court commends Defendant's efforts at rehabilitation in custody and anticipates he will succeed upon his release in October, at this stage the Court can identify no "extraordinary and compelling circumstances" justifying early release.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), **ECF No. 89**, is **DENIED**.

2. Defendant's renewed motion for appointment of counsel, **ECF No. 92**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is hereby directed to enter this order and provide copies to *pro se* Defendant and counsel for the Government.

**DATED** this 22nd day of June 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 6