FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 09, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEE WILLIAM FRECH,<br><br>Defendant. | No. 2:17-cr-00012-SMJ<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is *pro se* Defendant's Motion for Reconsideration Based on New Information, ECF No. 97. Defendant seeks reconsideration of the Court's June 22, 2020 Order denying his motion for early release. Having reviewed the motion and the file in this matter, the Court is fully informed and finds no basis to reconsider its earlier ruling.

On May 20, 2020, the Court received Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) seeking a reduction in his sentence due to the risks posed by coronavirus disease 2019 (COVID-19), ECF No. 89. The Government filed a response to Defendant's motion on June 11, 2020, opposing early release. ECF No. 94. The Court denied Defendant's motion on June 22, 2020, finding he had not established any extraordinary and compelling circumstance warranting compassionate release. *Id.* at 5–6.

On June 26, 2020, the Court received Defendant's reply brief concerning his

ORDER DENYING MOTION FOR RECONSIDERATION – 1

motion for compassionate release. ECF No. 96. Defendant's reply brief was dated and apparently transmitted via mail from the facility where he is incarcerated on June 22, 2020. *See id.* at 6. On July 6, 2020, the Court received Defendant's Motion for Reconsideration Based on New Evidence, ECF No. 97. Defendant seeks reconsideration of the Court's Order denying compassionate release, arguing the motion was denied prematurely and that newly-submitted evidence provides sufficient justification for early release. *Id.* at 1–3.

Motions for reconsideration are disfavored. *See* LCrR 12(c)(5). The party seeking reconsideration must generally establish the Court's prior ruling constituted "manifest error" or point to "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* For two reasons, Defendant's motion for reconsideration falls short of this standard.

First, Defendant is incorrect that his reply brief was submitted "in a timely manner." ECF No. 97 at 1. Defendant's motion for compassionate release, ECF No. 89, was received by the Court on May 20, 2020, and noted for hearing thirty days later, on June 19, 2020, consistent with the applicable Local Rule. *See* LCivR 7(i)(2)(A) ("The date of the hearing for nondispositive motions must be at least 30 days after the motion's filing."). Defendant's optional reply brief was due seven days after the filing of the Government's response. LCivR 7(d)(3). The Government's response was filed on June 11, 2020, and thus the deadline for

ORDER DENYING MOTION FOR RECONSIDERATION – 2

Defendant's reply brief was June 18, 2020. *See* ECF No. 94. Thus, even allowing for delays associated with the transmittal of Defendant's reply brief, that filing was not timely. *See* LCivR 7(d)(3); ECF No. 96 at 3.

Second, even if the Court were to consider Defendant's untimely reply brief, he fails to identify any newly discovered facts that could not have been brought to the Court's attention earlier warranting reconsideration. *See* LCrR 12(c)(5). In denying Defendant's motion for compassionate release, the Court noted he had failed to identify any specific health condition or other personal characteristic that elevated his risk from COVID-19. ECF No. 95 at 5–6. Though the Government noted this in its response, *see* ECF No. 94 at 5, Defendant did not address the issue in his reply brief. *See* ECF No. 96. For the first time in Defendant's motion for reconsideration, he asserted he is obese, and thus at greater risk from COVID-19. ECF No. 97 at 2. Defendant provided no evidence in support of this claim, which is not specifically reflected in Bureau of Prisons records included with his original motion. *See* ECF No. 89 at 10. More importantly, however, Defendant does not explain how his alleged obesity constitutes new evidence that could not have been brought to the Court's attention earlier in the exercise of reasonable diligence. *See* LCrR 12(c)(5). There is no indication that Defendant's obesity arose after he filed his motion—nor even after his untimely reply. As such, Defendant has not made the showing necessary for the Court to reconsider its ruling denying his motion for

ORDER DENYING MOTION FOR RECONSIDERATION – 3

compassionate release.

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's Motion for Reconsideration Based on New Information, **ECF No. 97**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is hereby directed to enter this order and provide copies to *pro se* Defendant and counsel for the Government.

**DATED** this 9th day of July 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge